UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE W. WATSON, JR., | ) | Case No.: 1:11 CV 101 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| NCC RECOVERY, INC., | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Defendant NCC Recovery, Inc.'s ("Defendant") Motion for Judgment on the Pleadings ("Motion") pursuant to Fed. R. Civ. P. 12(c) as to all of Plaintiff George W. Watson, Jr.'s ("Plaintiff") claims. (ECF No. 24.) For the reasons set forth below, the court grants in part and denies in part Defendant's Motion.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff commenced a lawsuit against Defendant for multiple violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. (ECF No. 1.)

Plaintiff's claims arise from two telephone contacts initiated by Defendant's agent, a debt collector, seeking payment of an outstanding debt worth $4,000 owed by Plaintiff's deceased father, George W. Watson, Sr. ("Watson, Sr."), to the nursing home where he lived before his death. Plaintiff's Complaint states that on or around August 25, 2010, Defendant's agent telephoned Plaintiff regarding the debt. (Compl., ¶ 7.) Plaintiff informed the caller, who identified himself as "Frank," that his father was deceased and had no estate. (*Id*. ¶ 8.) Plaintiff claims that "Frank" replied: "Well why didn't you pay before he died?" (*Id*. ¶¶ 9-10.) Plaintiff

then told "Frank" to stop calling, and to cease and desist all further communication. (*Id*. ¶ 11.) "Frank" replied that Plaintiff needed to pay Defendant's client and that the alleged debt should have been paid before Watson, Sr. died. (*Id*.) Plaintiff alleges that "Frank" threatened to continue calling Plaintiff until the alleged debt was paid. (*Id*. ¶ 12.)

On or around September 14, 2010, Plaintiff alleges that "Frank" called him a second time. After Plaintiff identified himself as George W. Watson, Jr., "Frank" replied, "Ooohh! Junior! Well, Junior, why don't you pay my client?" (*Id*. ¶ 13.) Plaintiff repeated his earlier verbal cease and desist demand, and stated that he would record any future phone conversation with "Frank," to which "Frank" replied, "So what. I want you to pay the bill you owe my client." (*Id*. ¶¶ 14-15.)

Plaintiff alleges that "Frank" was acting within the scope of his employment as Defendant's agent during the phone calls and that Defendant knew or should have known that its conduct, through its agent, violated the FDCPA. (*Id*. ¶¶ 16-17.) Plaintiff also alleges that Defendant failed to take the necessary steps to ensure its agent complied with the law. (*Id*.)

Plaintiff filed his Complaint in the U.S. District Court of New Jersey on September 30, 2009. Following transfer to this district, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 41 (ECF No. 16), but subsequently withdrew that Motion and filed its Answer (ECF No. 23). Defendant now moves for Judgment on the Pleadings, arguing that: (1) Plaintiff does not have standing to sue under § 1692(c)(b); (2) Defendant's alleged conduct was insufficient to constitute a violation under § 1692(d)(5); and (3) Plaintiff has not alleged any conduct that constitutes a violation of §§ 1692(d), (d)(2), (f), or (g). (ECF No. 24.) For the following reasons, this court denies Defendant's Motion with regard to Plaintiff's claims under §§

1692(c)(b), (e), and (g), and grants the Motion with regard to Plaintiff's claims under §§ 1692(d) and (f).

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(c), a party may move for judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial." The standard for evaluating a motion for judgment on the pleadings is identical to the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). Under a motion to dismiss standard, the court examines the legal sufficiency of the plaintiff's claim. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). As the Sixth Circuit noted in *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), the Supreme Court has clarified the legal standard in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), regarding what the plaintiff must plead in order to survive a Rule 12(b)(6) motion.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Additionally, even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Sixth Circuit has held that a court may consider allegations contained in the complaint, as well as exhibits attached to or otherwise incorporated in the complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). However, pursuant to Fed. R. Civ. P. 12(d), "[i]f on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

### III. LEGAL ANALYSIS

Defendant's Motion will be analyzed with regard to each of Plaintiff's claims individually.

**(1) Plaintiff is a consumer and thus has standing to bring a claim under §1692(c)(b).**

Section 1692(c)(b) states:

> (b) Communication with third parties
> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

§1692(c)(b).

A claim under this subsection requires that Plaintiff qualify as a "consumer" under the FDCPA. A "consumer" is any natural person obligated or allegedly obligated to pay any debt (defined in 15 U.S.C. § 1692(a)) . For the purposes of § 1692(c), the definition of consumer is

-4-

expanded to also include a consumer's spouse, parent (if the consumer is a minor), guardian, executor, and administrator. § 1692(c)(d). While nothing in the Complaint suggests Plaintiff is actually obligated to pay the $4,000 debt at issue, Plaintiff alleges that Defendant demanded he, as the son of consumer Watson, Sr., pay the debt. (Compl., ¶¶ 11, 15.) Construing the Complaint in the light most favorable to Plaintiff, he was thus "allegedly obligated" to pay the debt and therefore qualifies as a consumer under the FDCPA. *E.g., Dutton v. Wolhar*, 809 F. Supp. 1130, 1134-35 (D. Del. 1992) (holding that when defendant demanded that plaintiff pay a debt, "plaintiff is one whom defendants have alleged owes the debt in question thereby rendering plaintiff a 'consumer' within the meaning of § 1692a(3)."). Because Defendant's Motion is based solely on Plaintiff's lack of standing concerning the alleged violation of § 1692(c)(b), the court denies the Motion with regard to this claim.

**(2) Defendant's alleged conduct does not constitute a violation of § 1692(d).**

This subsection bars debt collectors from using tactics intended to embarrass, upset, or frighten any person in connection with the collection of a debt. The Complaint alleges two types of behavior proscribed by § 1692(d): "use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader," § 1692(d)(2), and "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." § 1692(d)(5).

Regarding § 1692(d)(2), Defendant argues that inquiries by "Frank" as to why the debt was unpaid cannot be construed as obscene, profane, harassing, or abusive. While Plaintiff does

not specify which statements by "Frank" he found to meet this standard, the most likely offending statements were:

> "Well why didn't you pay before he died?"
>
> "Frank" threatening to continue calling Plaintiff until the debt was paid.
>
> "Ooohh! Junior! Well, Junior, why don't you pay my client?"

(ECF No. 1, ¶¶ 10-13.)

Defendant argues that case law does not support interpreting these statements as rising to the level of obscene, profane, harassing, or abusive language or conduct. The court agrees. In defining the boundaries of such language, courts have focused on the caller's use of expletives, personal insults, veiled or overt threats, or other clearly offensive or abusive tactics. *E.g., United States v. Cent. Adjustment Bureau, Inc.*, 667 F. Supp. 370 (N.D. Tex. 1986), *aff'd*, 823 F.2d 880 (5th Cir. 1987).

Likewise, Defendant's two phone calls approximately 20 days apart do not meet the standard expressed in § 1692(d)(5) requiring a phone to ring "repeatedly or continuously" to constitute a violation. To meet this standard, courts have required a greater volume or pattern of calls than Plaintiff has alleged in his Complaint. *E.g., Udell v. Kan. Counselors, Inc.*, 313 F. Supp. 2d 1135, 1143-44 (D. Kan. 2004) (four calls in seven days is not sufficient to constitute a violation); *Bennett v. Arrow Fin. Servs., LLC*, No. 02 C 6746, 2004 WL 830440, *2 (N.D. Ill. April 15, 2004) ("Two completed telephone calls, spaced a couple of weeks apart, are hardly intentional harassment."). Because Plaintiff has not adequately supported his claim

that Defendant violated § 1692(d)(2) or (d)(5), Defendant's Motion is granted with regard to these claims.

**(3) Defendant's statements indicating that Plaintiff owed the debt at issue can reasonably be construed as false or misleading as required by § 1692(e).**

This subsection bars debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). In deciding whether a debt collection practice is false, deceptive, or misleading, a court must analyze the conduct from the standpoint of a "least sophisticated consumer." *Miller v. Javitch, Block & Rathbone*, 534 F. Supp. 2d 772, 775 (S.D. Ohio 2008). This objective standard "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding," *id.*, but it is intentionally broad enough to protect even "the ignorant, the unthinking, and the credulous" from deception by collectors. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-73 (11th Cir. 1985).

The statute includes a list of specifically proscribed conduct, which is not meant to be exhaustive but offers examples of the types of deception the FDCPA seeks to prevent. The list provides, in pertinent part:

> [T]he following conduct is a violation of this section:
>
> . . .
>
> (2) The false representation of--
>     (A) the character, amount, or legal status of any debt;
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

-7-

15 U.S.C. § 1692(e).

The Sixth Circuit has stated that a collection notice is deceptive when it can be reasonably interpreted to have two or more different meanings, one of which is inaccurate. *Federal Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 512 (6th Cir. 2007). And when a debt collector wrongly identifies a party as liable for another's debt in an attempt to collect that debt, such a statement may be construed as deceptive. *Dutton v. Wolhar*, 809 F. Supp. 1130, 1136 (D. Del. 1992).

In *Dutton*, a debt collector's letter to the plaintiff included the phrase "you are indebted," even though the debt was incurred by the plaintiff's mother. The collector admitted knowing who had in fact incurred the debt, but its letter was clearly directed at the plaintiff. The court held that a "least sophisticated debtor would take [the letter] to mean that she was legally obligated to satisfy this debt," and so it qualified as false, deceptive, or misleading. *Id. But see Mammen v. Bronson & Migliaccio, LLP*, 715 F. Supp. 2d 1210, 1218 (M.D. Fla. 2009) (holding that a plaintiff's mere allegation that a collector had stated "you have to pay" a disputed debt was not sufficient to survive a summary judgment motion when the plaintiff could produce no evidence to support his claim).

Although Plaintiff alleges a violation of § 1692(e), he has not specified what statements, if any, by Defendant's agent were false, deceptive, or misleading. However, viewing the Complaint's allegations in the light most favorable to Plaintiff, Defendant's statements about Plaintiff's responsibility for his father's debt may be construed as false or misleading representations of the character or legal status of that debt. (*E.g.*, Compl., ¶ 15: "I want you to pay the bill you owe my client!").) Defendant's use of "you owe" once Plaintiff had identified

himself as Watson, Sr.'s son suggests deception comparable to that found in *Dutton*—a least sophisticated consumer could reasonably interpret Defendant's statements to mean Plaintiff personally owed Defendant's client. Accordingly, Defendant's Motion is denied with regard to the claim arising under § 1692(e).

### (4) Plaintiff has not identified any "unfair or conscionable means" conduct by Defendant's agent as required by § 1692(f).

This subsection bars debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f). Examples of "unfair or unconscionable" practices include: (1) collecting an amount greater than the amount owed; (2) taking certain actions concerning a consumer's postdated check; (3) causing charges for communications to be incurred by a consumer; (4) taking or threatening to take any nonjudicial action to repossess property; and (5) communicating with a debtor via postcard. *Id*. While this section does allow courts "to sanction improper conduct that the FDCPA fails to address specifically," *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996), courts applying the "unfair or unconscionable" provision have focused on conduct of a nature similar or comparable to that listed in the statute—conduct that essentially amounts to a form of abuse not falling under another section. *Id*.

Although Plaintiff alleges a violation of § 1692(f), he has not specified what conduct of Defendant's agent, if any, qualifies as "unfair or unconscionable." He also "does not identify any misconduct [to support the unfair or unconscionable claim] beyond that which [he] assert[s] violate[s] other provisions of the FDCPA." *Foti v. NCO Fin. Syss, Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006). *See also Tsenes v. Trans-Cont'l Credit and Collection Corp.*, 892 F. Supp. 461, 466 (E.D.N.Y.1995) (holding that "the Complaint is devoid of support for the

contention that the defendant engaged in practices that were 'unfair' or 'unconscionable' within the meaning of the section; all the allegations in the Complaint support claims asserted under [other sections of § 1692]."). Because Plaintiff has not adequately pleaded his § 1692(f) claim with factual allegations to support a right to relief, Defendant's Motion is granted with regard to this claim.

### (5) Defendant did not send a written validation notice as required under § 1692(g).

This subsection requires debt collectors to send consumers a written validation notice within five days after initial communication regarding the collection of a debt. A phone call is sufficient to qualify as a communication as long as it conveys "information regarding a debt directly or indirectly to any person." *Foti*, 424 F. Supp. 2d at 654. If no such notice is sent within the five-day period, the collector has violated this provision. *E.g., Carrigan v. Cent. Adjustment Bureau, Inc.*, 494 F. Supp. 824 (N.D. Ga.1980).

Defendant argues that Plaintiff has not alleged any facts constituting a violation of § 1692(g). While it is true that Plaintiff only pleads that Defendant failed to send a written validation notice, and thus is in violation of § 1692(g), this is sufficient to raise a right to relief above the "speculative level," in light of the other specific facts and circumstances pled in the case. *Papasan*, 478 U.S. at 286. Furthermore, neither Defendant's Motion nor Answer rebuts that allegation by stating that such notice was in fact sent. The Motion is denied with regard to Plaintiff's § 1692(g) claim.

### IV. CONCLUSION

For the reasons stated herein, the court denies Defendant's Motion for Judgment on the Pleadings with regard to the allegations under 15 U.S.C. §§ 1692(c)(b), 1692(e), and 1692(g),

and grants Defendant's Motion with regard to the allegations under §§ 1692(d) and 1692(f). (ECF No. 24.)

       IT IS SO ORDERED.

                                               /s/ *SOLOMON OLIVER, JR.*
                                               CHIEF JUDGE
                                               UNITED STATES DISTRICT JUDGE

August 2, 2011